Our last case for oral argument this morning is Simmons v. Gierach, Appeal No. 24-3194. Good morning, Mr. Suska. Good morning, Your Honors. Thank you, and may it please the Court, David Suska, for the petitioner, Appellant Tiffany Simmons. This Court should reverse the order dismissing Ms. Simmons' habeas application. The District Court ruled that Ms. Simmons' Miranda claim was not cognizable in habeas because she pleaded guilty. That ruling is impossible to square with the Supreme Court's holdings in Withrow and Lefkowitz. Withrow held that Miranda claims are cognizable in habeas, a holding affirmed in Cohane and then Dickerson. And Lefkowitz held that a guilty plea does not cut off habeas review of a constitutional claim, at least not whereas here state law allows the guilty plea while preserving the claim for direct review. Putting Withrow and Lefkowitz together, this Court must reverse. Indeed, the four circuits that have addressed this issue all agree that a Miranda claim is cognizable in habeas in precisely this context. They haven't addressed it since Vega, though, correctly. That's correct, Your Honor. And that's Respondent's principal contention is that Vega changed everything, to use the quote from Respondent's brief. And I don't think that's right. In fact, I think Vega didn't change anything. By its terms, Vega declined to extend the Miranda right so that damages liability might be available under 1983. But declining to extend the right is not the same thing as cutting back on it. And Vega didn't purport to overrule Withrow or Lefkowitz. This Court can't overrule those decisions, of course. In fact, they approvingly cited Withrow. I think that's right, Your Honor.  That's correct. That was an essential premise of the reasoning in Vega was that individuals can already vindicate their Miranda rights in other contexts, including in federal habeas, based on Withrow. And as we point out in our reply brief, this Court has continued to adjudicate Miranda claims on the merits, in habeas, where the defendant pleaded guilty and state law preserved the Miranda claim on direct review. Those are all post-Vega cases. It's impossible to square those dispositions with the position that Respondent takes here. Now, perhaps because the law is so clearly against Respondent on the questions certified for appeal, Respondent devotes portions of his brief to questions that were not. The merits of the Miranda claim, for one, and whether the district court should have granted a certificate of appealability for another. As we've explained in our reply brief, there's, of course, no basis for reaching the merits of the Miranda claim here. That's for remand. And there's nothing to the suggestion that the certificate was improperly issued, certainly not in light of this Court's earlier order dismissing Respondent's motion to dismiss. How do you reconcile the Supreme Court's opinion in Lefkowitz, which says in order to proceed where the state says you can raise a constitutional claim post guilty plea, and Vega, which says a Miranda claim is not a constitutional claim? You might be right. And we can't reverse the Supreme Court. But how do you reconcile those two? Sure. I reconcile them by going back to Withrow. And so if you look at a paragraph that starts on page 690 of Withrow, the Court actually addresses almost this precise question. It almost anticipates the question. It says something like petitioner argues that Miranda is just prophylactic, not constitutional, and therefore habeas relief cannot lie for a Miranda claim because the habeas statute refers to a constitutional claim. And the Court says we're willing to accept the premise, which is that Miranda is prophylactic, but not the conclusion, which is that a violation of that prophylactic rule is not a violation of the Constitution, at least for purposes of the habeas statute. And so that's how you sort of square Withrow with Vega. As you understand, as a matter of the Supreme Court's precedent, what is constitutional for purposes of the federal habeas statute is not necessarily constitutional for purposes of 1983. That's the law as this Court has to take it. That's the law as Ms. Simmons takes it. Have they held that in any other context, that something is constitutional outside of or not constitutional outside of habeas but constitutional for habeas? I can't point to another context, and I can't defend all of the Court's Miranda jurisprudence as sort of entirely coherent, but I think in this domain it is entirely coherent. Withrow does not cut back at all—excuse me, Vega does not cut back at all on Withrow. As Your Honor noted, Vega actually relies on Withrow as a reason for not extending the Miranda right in the 1983 context. That could be true for Winthrow. I think Lefkowitz is a separate question than Withrow. Withrow doesn't answer the post-guilty plea question. I think that's right. Lefkowitz—the whole thing in Lefkowitz is an essential premise of our argument to the Court. That's right. Yes. If there are no further questions, I'm prepared to come back at rebuttal. Okay. Thank you. Thank you. Good morning, Mr. Held. Good morning, Your Honor, and may it please the Court. Simmons has conceded virtually every argument in our response by not addressing them in reply. She's conceded that there's no habeas jurisdiction over her claim, that there should have been no certificate of appealability even if there were, and that she could not surmount 2254 D.1 on remand given things that we already know. Simmons relies purely on Withrow and Lefkowitz. She attempts to apply those cases' particular concrete results non-contextually. Mr. Withrow could bring his Miranda claim in habeas, so she can too. Mr. Lefkowitz could bring his First and Fourth Amendment claims despite his guilty plea, so she can bring her Miranda claim despite hers, but those are non-sequiturs. Simmons ignores that the Withrow Court didn't address jurisdiction and told us that it wasn't doing so and that intervening Supreme Court precedent indicates there is no jurisdiction. She ignores that an intervening Act of Congress and intervening Supreme Court precedent indicate that there's no basis for a certificate of appealability, and she ignores that under 2254 D.1 she can't prevail regardless of the merits of her claim because Supreme Court precedent doesn't make clear that a defendant whose statements are not used against her at trial can invoke Miranda. And she ignores that the First and Fourth Amendment violations in Mr. Lefkowitz's case were alleged to have actually occurred, unlike the Miranda violation in her case. This court should either affirm or vacate the certificate of appealability, and I welcome the court's questions. You've asked us to make a broader holding, I think, than is required here, that you could no longer bring a Miranda claim in habeas post-Vega. I don't know how you could get there given Vega's reliance on Winthrop and affirmative reinforcement of Winthrop. I have an answer for that, Your Honor. Simmons argues that the Vega court implied that habeas jurisdiction would continue to apply over Miranda claims, but we disagree. Simmons presents her core argument thus, cherry-picking three pieces of Vega in the following chimeric quotation, quote, from their brief, and there are internal quotes. So, quote, after examining post-Miranda decisions, the court, internal quote, refused to extend Miranda, end internal quote, to 1983, reasoning in part that individuals can already vindicate their Miranda right, internal quote, in other recognized contexts, end internal quote, and the following is emphasized by them, including in federal habeas based on Winthrop. You know, I actually agree with you that the end of Vega does not say including federal habeas. It just says in other recognized contexts. Right. No, you're right. But there's more. I'll let Your Honor ask the question. Why don't you go? I've got more about the context, Your Honor. So, a more complete quote from page 151 of Vega, which is the three pages they crammed together here, is that Miranda's, quote, prophylactic purpose is served by the suppression at trial of statements obtained in violation of Miranda and by the application of that decision in other recognized contexts. And Simmons quotes only the last four words of that and argues that it implies the court was assuming that habeas jurisdiction would remain for Miranda claims. If that doesn't follow, then here's why. One, it seems odd that the Supreme Court would assume that habeas relief would remain to vindicate a rule that it had just announced on the previous page is not required by the Constitution. And number two, why would the availability of habeas corpus relief matter in a case where the plaintiff wasn't convicted as an alternative to 1983, which is typical of 1983 claims based on Miranda, when you could bring them. So what does other recognized contexts mean if not habeas? It means things like preliminary hearings and suppression hearings. Those are the kinds of, quote, contexts that are distinguishable from the context of, quote, suppression at trial. Habeas relief is not a, quote, other context with respect to suppression at trial. Like a direct appeal, habeas is a form of review as to whether suppression should have occurred at trial or any other stage. Then how do you explain the court's acknowledgement and positive citing of Winthrop where it's discussing post-Miranda cases where they've engaged in the cost-benefit analysis and citing that approvingly, that that differentiates these cases? Because the court did two things with respect to—it had to make two rulings when it decided whether it was going to continue to recognize Miranda claims in 1983. First, it had to decide, does the Constitution require Miranda? And it said, no, it doesn't. So then it says, well, is it a law of the United States? And they said, well, it doesn't matter if it is. We're not going to go there because even if it is a law of the United States under 9th Section 1983, we still then do a balancing to determine whether we're going to continue to view it. And they looked at the balancing that was done in Withrow as an analogous type of balancing. But that doesn't mean that they were saying that this can continue to arise— But they don't say, and we were wrong there. They're relying on it. Well, they're using it as an analogy, but they're certainly not deciding that there's habeas corpus jurisdiction. It's not a habeas corpus case. They said in Withrow itself that they weren't addressing habeas corpus. Notice, in fact, quote from Withrow, Today we hold that Stone's restriction on the exercise of federal habeas corpus jurisdiction does not extend to a state prisoner's claim that his conviction rests on statements obtained in violation of the safeguards mandated by Miranda. Later it noted that the Stone rule is a prudential application of 2243, not a jurisdictional interpretation of 2254A. Quote again from Withrow, We have made it clear that Stone's limitation on federal habeas relief was not jurisdictional in nature, but rested on prudential concerns. And then it goes on to discuss the difference between 2243 and 2254. The dissent agreed. Justice Scalia, quote, The issue in this case, whether the extraordinary remedy of federal habeas corpus should routinely be available for claimed violations of Miranda rights, involves not jurisdiction to issue the writ, but the equity of doing so. And I believe the words jurisdiction and equity are emphasized. And that was a point of agreement between everybody on the court. What about the Supreme Court's opinion in Thompson v. Keohane, where they specifically said claims that state courts have incorrectly decided Miranda issues, as Withrow v. Williams confirms, are appropriately considered in federal habeas review? Right, because they weren't, nobody was raising the jurisdictional question at that time, and I think that's a 2003 case maybe. I don't remember off the top of my head. Before then. Before then. Late 90s. Okay. Well, certainly in the year 2000 in Dickerson, they declared expressly that Miranda is a constitutional requirement. In fact, they had to, because that's how they overruled 18 U.S.C. 3501A, where Congress had purported to overrule Miranda. They said, no, you can't. It's a constitutional requirement. But that changed in Fayetteville. Now it's not a constitutional requirement. Do you want to have any comment on the fact that the Supreme Court just denied cert in a Ninth Circuit case where the respondent raises the same argument you are raising here, that there is no longer habeas review for Miranda case? That's Samuel. Samuel v. Carlin. Carlin. Any comment there? Well, yes. On the fact that the Supreme Court denied cert, yeah, the Supreme Court has said clearly that when they deny cert, nobody is supposed to take any kind of substantive, as if they're deciding any substantive answers there. The Samuel v. Carlin case, of course, was not published. And the Samuel court, you know, we noted it was not a very thorough analysis. Our friends on the other side disagree, but it was a couple of paragraphs. And they essentially made the same argument that our friends on the other side made with the other recognized context quote. But, again, why would the availability of habeas relief as an alternative remedy factor into the Vega court's concerns in a case where the plaintiff wasn't convicted, which is typical of 1983 claims. Nobody needs habeas under those circumstances. If you're bringing a 1983 claim for Miranda when that was allowed, then Hecht v. Humphrey in 1994 is there. So if you're bringing the claim, that means that you still potentially, you don't need habeas corpus relief because if you're bringing the claim while you're still in prison or you haven't obtained relief already and gotten out, you're stopped by Hecht v. Humphrey. You can only bring a Miranda claim under 1983 if habeas has nothing to do with it anymore. So it doesn't make sense that the Supreme Court would think, well, you're good enough with habeas as an alternative because that wasn't a thing if you're bringing a 1983 claim. And it's also, again, it's strange to think that they'd be reasoning that habeas jurisdiction would continue to lie for violations of a rule that was expressly holding not to be required by the Constitution. And the same court, of course, concluded with an unobjectionable statement that lower courts should not anticipatorily overrule higher precedent, which of course they shouldn't, but that's not what we're asking for. We're asking the court to apply its precedent, but we're asking the court to apply all of its precedent and all of the statutes, not just one case, Withrow, as a non-contextual absolute. You need several things to get habeas corpus relief, and Mr. Withrow had all of them. He had the continuing operation of the writ. Congress hadn't suspended it. He had a jurisdictional statute that wasn't challenged. He had the underlying Miranda right, and he had the 2243 determination that Stone v. Powell wasn't going to apply. He had all of those things, but if you take any of those away, you can't get habeas anymore, and the thing that's been taken away here is the jurisdiction. I only have 17 seconds left. I'd like to get in one thing real quick. Revisiting the certificate of appealability is permissible at this court's discretion under its case law. We've asked the court to do it in this case because in this case, it will save time. If the court decides that you can't get a certificate because Miranda's not constitutional, this court will never again have to address a Miranda claim under Section 2254 where the petitioner loses in the district court, which is most cases. It will save time going forward as opposed to in most cases you're just arguing over whether the facts are close enough, and if you've already got the briefs, it's a waste of time to argue that. That's not the case here. It's an either or legal question. Thank you, Mr. Heldt. Thank you, Your Honor. Mr. Suska. Thank you, Your Honor. Withrow and Lefkowitz make this a simple case. My friend on the other side is essentially asking for this court to anticipatorily overrule those decisions based on some tea leaves and vega. Of course, this court cannot do that. To try to avoid the sort of understood bar on this court anticipating and overruling the Supreme Court precedent, my friend on the other side tries to characterize his arguments as jurisdictional. It makes no difference whether you characterize the arguments as jurisdictional or not. This is a simple case under Withrow and Lefkowitz, and we ask that the court reverse the order below. Thank you, Mr. Suska. And you and your firm were appointed to represent your client in this case. Thank you for taking the case on and for your fine advocacy on behalf of your client. Thank you. The court will take the case under advisement. Thanks to both sides. And that concludes our oral arguments for this morning.